THOMAS AROCHA v. THE STATE.

No. 5678. Decided February 18, 1920.

Theft of Cattle—Indictment—Appropriation—Criminal Intent—Rule Stated.

Where a particular intent is a material fact in the description of the offense it must be stated in the indictment, and in theft the taking must be with the intent to appropriate the property to the use or benefit of the person taking, and where the indictment faultily alleged that said appropriation was by the owner of the property, the indictment was fatally defective. Following: Jones v. State, 25, Texas Crim. Rep., 621, and other cases.

Appeal from the District Court of Bexar. Tried below before the Hon. W. W. Walling, judge.

Appeal from a conviction of theft of cattle; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Storms & Young,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appeal is from a judgment convicting the appellant of theft. The cow charged to have been stolen belonged to C. E. Williams. In the indictment it is charged that the appellant took the property "with the intent to appropriate said cow to the use and benefit of him, the said C. E. Williams." An essential element of the crime of theft is that the taking must be "to appropriate it to the use or benefit of the person taking." Penal Code, Art. 1329. We have a statute which says: "Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment." C. C. P., Art. 454. Construing this statute, this court has held that the intent to appropriate the property to the use or benefit of the taker is an essential allegation in the indictment. Jones v. State, 25 Texas Crim. App., 621. The case of Lawless v. State, 19 S. W. Rep., 677, was one in which the indictment was affected with the identical fault that appears in this one. On the appeal the only question raised was the sufficiency of the indictment. It was correctly held to charge no offense, and the judgment was reversed and the prosecution ordered dismissed, a result which must befall the instant case. See Branch's Annotated Texas Penal Code, secs. 2456 and 2457.

The judgment is reversed, and the prosecution dismissed.

*Dismissed.*